UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTEZ DION MASON,

           Petitioner,

                                    CASE NO. 4:23-CV-12359
v.                                  HONORABLE F. KAY BEHM
                                    UNITED STATES DISTRICT JUDGE

WILLIS CHAPMAN,

           Respondent.

_____/

**ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

      Martez Dion Mason, ("Petitioner"), confined at the Macomb Correctional

Facility in New Haven, Michigan, filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254, challenging his conviction for assault with intent to

murder, Mich. Comp. Laws § 750.83, intentional discharge of a weapon from a

motor vehicle, Mich. Comp. Laws § 750.234a(1)(b)), and felony-firearm, Mich.

Comp. Laws § 750.227b).  Respondent filed a motion to dismiss the petition (ECF

No. 8) because it was not filed in accordance with the statute of limitations

contained in 28 U.S.C. § 2244 (d)(1).  Petitioner filed a response to the motion to

dismiss.  (ECF No. 12).  For the reasons stated below, the petition for a writ of

1

habeas corpus is summarily denied with prejudice pursuant to 28 U.S.C. § 2244
(d)(1).

## I.  BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit
Court.  The Michigan Court of Appeals affirmed Petitioner's convictions. *People
v. Mason*, No. 336839, 2018 WL 3942981 (Mich. Ct. App. Aug. 16, 2018).  Direct
review of Petitioner's conviction ended in the state courts on February 4, 2019,
when the Michigan Supreme Court denied Petitioner's application for leave to
appeal following the affirmance of his conviction by the Michigan Court of
Appeals.  *People v. Mason*, 503 Mich. 949 (2019).

Petitioner filed a post-conviction motion for relief from judgment with the
trial court on January 15, 2020 (ECF No. 9-1, PageID. 171), which the trial court
denied.  *People v. Mason,* No. 16-006724-01-FC (Wayne Cty. Cir. Ct., Aug. 31,
2020) (ECF No. 9-14); *reconsideration den.* No. 16-006724-01-FC (Wayne Cty.
Cir.Ct., Jan. 27, 2021) (ECF No. 9-15).  On November 2, 2020, Petitioner filed a
delayed application for leave to appeal in the Michigan Court of Appeals.  (ECF
No. 9-17, PageID. 743-60).  On January 19, 2021, the Michigan Court of Appeals
denied Petitioner's application. *People v. Mason,* No. 355376 (Mich. Ct. App. Jan.
19, 2021) (*Id.*, PageID. 730)  Collateral review of Petitioner's conviction in the
state courts ended on April 4, 2023, when the Michigan Supreme Court denied

Petitioner leave to appeal from the denial of his post-conviction motion.  *People v. Mason*, 987 N.W.2d 205 (Mich. 2023).  On September 12, 2023, Petitioner filed his habeas petition with this Court.[1]

## II.  DISCUSSION

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time."  *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]  Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on September 12, 2023, the date that it was signed and dated.  *See Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999).

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009)*.* A petition for writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 749 (E.D. Mich. 2002).

Following the affirmance of his conviction by the Michigan Court of Appeals, the Michigan Supreme Court denied Petitioner's application for leave to appeal on February 4, 2019.  However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) did not start running on that day.  Where a state prisoner has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Petitioner's judgment became final on May 5, 2019, when he failed to file a petition for writ of certiorari

with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998).

Petitioner filed his post-conviction motion for relief from judgment with the state trial court on January 15, 2020, after 254 days elapsed under the statute of limitations.  Title 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute.  *See McClendon v. Sherman*, 329 F.3d 490, 493-94 (6th Cir. 2003). The tolling of the AEDPA's one year statute of limitations ended in this case on April 4, 2023, when the Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his motion for relief from judgment.  *See Hudson v. Jones*, 35 F. Supp. 2d 986, 988-89 (E.D. Mich. 1999).  Unlike on direct review, the limitations period would not be tolled further under § 2244(d)(2) during the time during which Petitioner could seek certiorari review of the denial of his state post-conviction motion.  *See Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

Moreover, although the time during which a properly filed application for collateral review is pending in the state courts is excluded from the one-year limitations period, the limitations period is not reset upon the conclusion of state collateral review, as Petitioner appears to argue.  *See Neal v. Bock*, 137 F. Supp. 2d 879, 884 (E.D. Mich. 2001).  Section 2244(d)(2)'s tolling provision cannot

5

"revive" the limitations period but can only "pause a clock that has not fully run." *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation omitted).  Thus, although the filing of Petitioner's motion for relief from judgment may have tolled the running of the one-year statute, it would not cause the statute to begin running anew when the state court denied the motion.  *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner thus had one hundred and twelve days remaining under the limitations period after his state post-conviction proceedings ended on April 4, 2023, or until July 25, 2023, to timely file his habeas petition.  Petitioner's habeas petition is untimely because it was not filed until September 12, 2023, some forty-nine days after the limitations period expired.

Petitioner in his initial petition claims that two of his claims rely on either a new rule of constitutional law or new facts that had previously been undiscovered. (ECF No. 1, PageID.46).  Title 28 U.S.C. § 2244(d)(1)(C) indicates that the one year limitations period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  A federal district court has the ability to determine whether a newly recognized right has been made retroactively applicable to cases on collateral review, for purposes of this section or 28 U.S.C. § 2255 ¶ (3), the

analogous provision of the statute of limitations for federal motions to vacate sentence. *See Wiegand v. United States*, 380 F.3d 890, 892-93 (6th Cir. 2004).

Petitioner is not entitled to use 28 U.S.C. § 2244(d)(1)(C) to delay the commencement of the limitations period because none of his claims for relief are based on a constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable on collateral review. *See Griffin v. McNeil*, 667 F. Supp. 2d 1340, 1356 (S.D. Fla. 2009). Petitioner does not even identify which of his claims are based on a new rule of constitutional law and a review of his petition shows that none of the claims are based on a rule of constitutional law that was newly recognized by the Supreme Court and made retroactive to habeas cases.

Petitioner also claims that two of his claims are based on newly discovered facts. Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles*, 431 F.3d 896, 898 (6th Cir. 2005). However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson*, 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Moreover, the time under

the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the facts' legal significance. *Id.* In addition, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at p. 772. Lastly, newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery ... is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *See Jefferson v. U.S.*, 730 F.3d 537, 547 (6th Cir. 2013) (quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2nd Cir. 2012)).

Petitioner does not identify which of his claims are based on newly discovered facts or why these facts could not have been discovered sooner with due diligence. Petitioner has failed to establish "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," and thus, Petitioner does not meet his burden of

establishing that any of his claims are based on newly discovered evidence which would delay the commencement of the one-year limitations period. *See McSwain v. Davis*, 287 F. App'x 450 454-55 (6th Cir. 2008). This Court rejects Petitioner's contention that the factual predicate for his claims could not have been discovered sooner because his argument is unsupported and conclusory. *See Grayson v. Grayson*, 185 F. Supp. 2d at 750.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he is entitled to equitable tolling of the limitations period. *Id*.

In his response to the motion to dismiss, Petitioner first argues that the limitations period should be equitably tolled because of the COVID-19 epidemic, which lead to various lockdowns and restrictions on library time to prevent the spread of the disease in prison. Petitioner claims that because he suffers from an

9

unspecified mental illness, he requested the assistance of a prison paralegal or Legal Writer working for the prison's Legal Writers' Program.  However, because of the COVID-19 restrictions, there were delays in him obtaining assistance from the prison paralegal to prepare the appeal of the denial of his post-conviction motion to the Michigan Court of Appeals.  Petitioner acknowledges, however, that he obtained the assistance of a prison paralegal who was able to timely file an application for leave to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and to the Michigan Supreme Court.  (ECF No. 12, PageID.926-27).

Equitable tolling need not be applied where the limitations period has already been statutorily tolled under § 2244(d)(2).  *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002).  Petitioner's argument that he is entitled to equitable tolling for the times during which he was attempting to obtain the services of a Legal Writer to draft and file his post-conviction applications for leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court is without merit because the Court has already granted Petitioner statutory tolling for the period that he sought post-conviction review in the state trial and appellate courts pursuant to § 2244(d)(2).  *See Valenzuela v. Small*, No. CV 10-02428-DSF (DFM), 2015 WL 7971087, at * 9, n. 8 (C.D. Cal. Nov. 20, 2015) (noting that court cannot apply both types of tolling to same time period), *accepted by* 2015 WL 8022548 (C.D.

10

Cal. Dec. 4, 2015), *vacated on other ground*s, 692 F. App'x 409 (9th Cir. 2017);
*see also Ammons v. Walker*, No. CV 07-08136-AHM (JC), 2011 WL 844965, at *
1 (C.D. Cal. Mar. 3, 2011) (refusing to "double count" requested period under
equitable tolling because court afforded statutory tolling for it).

In any event, "the COVID-19 pandemic does not automatically warrant
equitable tolling for a petitioner who seeks it on that basis.  The petitioner must
establish that he was pursuing his rights diligently *and* that the COVID-19
pandemic specifically prevented him from filing his motion." *United States v.
West*, 578 F. Supp. 3d 962, 967 (N.D. Ohio 2022) (quoting *United States v. Henry*,
No. 2:17-cr-180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) (emphasis in
original).  Petitioner waited 254 days after his conviction became final before filing
his post-conviction motion with the state trial court on January 15, 2020.  This was
before the COVID-19 virus hit the State of Michigan and any prison lockdowns
were implemented.[2]  Petitioner did not adequately explain why he was not diligent
in the months before the COVID restrictions were implemented.  Petitioner is thus
not entitled to equitable tolling on the basis of the COVID epidemic.  *See Donald*

---

[2] On March 10, 2020, Governor Gretchen Whitmer declared a State of Emergency after
the Michigan Department of Health and Human Services (MDHHS) "identified the first two
presumptive-positive cases of COVID-19 in Michigan."  On March 11, 2020, the Michigan
Department of Corrections announced "a series of measures to protect its staff, the prison
population and the community."  *Washington v. Jackson*, No. 1:22-CV-86, 2023 WL 8007770, at
*2 (W.D. Mich. Oct. 19, 2023), *report and recommendation adopted*, No. 1:22-CV-86, 2023 WL
8005775 (W.D. Mich. Nov. 17, 2023)

*v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) ("[The petitioner] has not

explained why he was not diligent for the nine months before COVID restrictions

were implemented. Therefore, [he] hasn't made the requisite showing that he is

due an exception to the statutory bar.").  Petitioner is not entitled to equitable

tolling of the limitations period on this basis.

Petitioner also argues that he is entitled to equitable tolling because he

suffers from some unspecified mental illness.  A habeas petitioner's mental

incompetence or incapacity may provide a basis for equitable tolling of the

AEDPA's statute of limitations.  *See Ata v. Scutt*, 662 F. 3d 736, 742 (6th Cir.

2011).  In order to obtain equitable tolling of AEDPA's statute of limitations on the

basis of mental incompetence, a habeas petitioner must show that (1) he is

mentally incompetent, and (2) his mental incompetence caused his failure to

comply with the AEDPA's statute of limitations. *Id.*  Moreover, "a blanket

assertion of mental incompetence is insufficient to toll the statute of limitations.

Rather, a causal link between the mental condition and untimely filing is required."

*Id.* (internal citation omitted).  In order for a habeas petitioner's mental incapacity

to warrant the equitable tolling of the AEDPA's statute of limitations, "the

petitioner must demonstrate that the incompetence affected his or her ability to file

a timely habeas petition."  *Robertson v. Simpson,* 624 F.3d at 785.  Moreover,

"[m]ental incompetence is not a *per se* reason to toll a statute of limitations."

*McSwain v. Davis*, 287 F. App'x at 456.  "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition." *McSwain*, 287 F. App'x at 456, *see also Nowak v. Yukins*, 46 F. App'x 257, 259 (6th Cir. 2002).  A habeas petitioner must allege more than the "mere existence of physical or mental ailments" in order to qualify for the equitable tolling of the AEDPA's statute of limitations.  *Brown v. McKee,* 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002).

Petitioner is not entitled to equitable tolling of the limitations period based on his alleged mental illness because he has presented no evidence of his mental health during the limitations period.  *See Watkins v. Deangelo-Kipp,* 854 F.3d 846, 851 (6th Cir. Check 2017).  In any event, "mental illness is not the same as mental incompetence." *Id.* at 852.

More importantly, Petitioner failed to show that his mental illness was the cause of his untimely filing.  *Watkins v. Deangelo-Kipp,* 854 F.3d at 853.  Petitioner pursued a collateral challenge to his conviction in the state courts as well as federal post-conviction relief while suffering from his alleged mental impairment, thus, he has failed to show a causal connection between his mental impairment and his ability to timely file a habeas petition, so as to justify the

13

equitable tolling of the limitations period.  *Id.*; *see also McSwain v. Davis*, 287 F. App'x at 457; *Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005).

Petitioner lastly argues that he was told he had one year and ninety days from the conclusion of his post-conviction proceedings in the state court to timely file his petition with this Court.  (ECF No. 12, PageID.927).  Petitioner appears to argue that his confusion about when the statute of limitations commenced justifies the equitable tolling of the limitations period.  Although Petitioner may be untrained in the law or that he proceeded without a lawyer, this would not justify equitable tolling.  *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (*pro se* status is not an extraordinary circumstance); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling).  Petitioner is not entitled to equitable tolling of the limitations period because he mistakenly believed that the one-year limitations period did not commence until after both direct review and post-conviction review of his case in the state courts had been exhausted.  *See Harvey v. Jones*, 179 F. App'x 294, 300 (6th Cir. 2006).

Petitioner argues in his initial petition that he is entitled to tolling of the statute of limitations because he is actually innocent. (ECF No. 1, PageID.46).  The one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo*, 513

U.S. 298 (1995).  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  The Supreme

Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]"  *Id.*

"[A] petitioner does not meet the threshold requirement unless he persuades the

district court that, in light of the new evidence, no juror, acting reasonably, would

have voted to find him guilty beyond a reasonable doubt."  *Id.* (quoting *Schlup*,

513 U.S., at 329).  For an actual innocence exception to be credible under *Schlup*,

such a claim requires a habeas petitioner to support his allegations of constitutional

error "with new reliable evidence--whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence--that was not

presented at trial."  *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception,

because he presented no new, reliable evidence to establish that he was actually

innocent of the crime.  *See Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005).

Petitioner's first claim alleging that the evidence was insufficient to convict him of

the crime does not qualify as a claim of actual innocence that would toll the

limitations period.  For purposes of tolling the limitations period, "actual innocence

means factual innocence, not mere legal insufficiency."  *Souter v. Jones*, 395 F.3d

577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623

(1998)).  Any insufficiency of evidence claim cannot be considered by this Court

in determining whether an actual innocence exception exists for purposes of tolling

the statute of limitations period.  *Redmond v. Jackson*, 295 F. Supp. 2d at 773; *Grayson v. Grayson*, 185 F. Supp. 2d at 752.

Petitioner argues in what would be his fifth claim that trial counsel was ineffective for failing to call one witness who he claims would testify that Petitioner did not use his van, which was identified as the motor vehicle being driven by Petitioner at the time of the shooting, on the night in question.  Petitioner alleges that trial counsel was ineffective for failing to call a second witness who would testify that Petitioner left the scene of the shooting in his own 2013 black Chevy Impala.  (ECF No. 1, PageID.38-39).  Petitioner does not identify these witnesses by name in his petition.  Petitioner has not attached to his petition any affidavits signed by these unidentified witnesses.

Petitioner has attached to his petition the trial court's opinion denying his motion for relief from judgment, in which he raised this ineffective assistance claim.  The judge in her opinion identifies the owner of the van as James McCaskill and Andre Bender as the second witness who would testify that Petitioner was at the scene but driving a black Chevy Impala.  Bender would also testify that another man named James Banks pulled a gun and ordered everyone to leave the area.  The judge denied Petitioner's ineffective assistance claim because the proposed witnesses' testimony was cumulative of other trial witnesses' testimony.  (ECF No. 1, PageID.58-59).  This Court has reviewed the Rule 5

materials and noted that there are police interviews with Mr. McCaskill and Mr. Bender.  Mr. McCaskill told the police he did not let anyone else drive his van but was not present at the crime scene when the shooting took place, having left the scene earlier.  He did say he did not know Petitioner to carry a gun.  (ECF 9-19, PageID.895-97).  Mr. Bender purportedly told the police that he saw the host of the party, whom he identified as "Hollywood," pull a gun out of his waistband and order everyone to leave the area.  Bender saw Petitioner speed away from the area. Mr. Bender mentioned that Petitioner was driving a black Chevy Impala in his statement.  Mr. Bender also said, however, that after the shooting, Ms. Banks came up and told a woman identified as Shannon that "your baby shot, 'Tez did it, I seen him with my own eyes." (*Id.*, PageID.899-900).

Petitioner cannot use these witnesses to establish his actual innocence because he failed to provide this Court with affidavits concerning their proposed testimony and the witnesses' police statements cannot prove his actual innocence because they are unsworn.  *See e.g. Clark v. Waller*, 490 F.3d 551, 553, 558 (6th Cir. 2007) (unauthenticated affidavit from person whom petitioner claims should have been called as a defense witness could not support ineffective assistance of counsel claim); *Cress v. Palmer*, 484 F. 3d 844, 855 (6th Cir. 2007) (rejecting actual innocence claim that was based in part on an unsworn statement from a recanting witness).

In any event, the purported testimony of Mr. McCaskill and Mr. Bender would not have exonerated Petitioner of the shooting.  In particular, Mr. McCaskill's proposed testimony could not establish Petitioner's actual innocence, so as to toll the limitations period, because Mr. McCaskill was not even present at the crime scene at the time of the shooting and could not testify as to what transpired.  *See McCray v. Vasbinder*, 499 F. 3d 568, 572-74 (6th Cir. 2007).  Mr. Bender's statement to the police is, if anything, is somewhat incriminating, in that Ms. Banks appears to implicate Petitioner in the shooting by stating that 'Tez [Martez] shot Shannon's baby.

At most, the proposed testimony of these two men could be used to impeach the other witnesses' identification of Petitioner as the shooter.  Impeachment evidence does not provide sufficient evidence of actual innocence to support a free-standing innocence claim or to excuse a procedural default.  *See Calderon v. Thompson*, 523 U.S. 538, 563 (1998) (newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) (newly discovered impeachment evidence "will seldom, if ever," establish actual innocence).  Impeachment evidence is insufficient to establish actual innocence to toll the limitations period.  *See Sherratt v. Friel*, 275 F. App'x 763, 768 (10th Cir. 2008).

18

Finally, the proposed testimony of Mr. McCaskill and Mr. Bender is not newly discovered evidence of Petitioner's innocence, so as to toll the limitations period, as it appears to be cumulative of evidence presented at trial. *See Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1017 (11th Cir. 2012).

### III.  CONCLUSION

The Court summarily denies the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to Petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court denies Petitioner a certificate of appealability because reasonable jurists would not find it debatable whether the Court was correct in determining

that petitioner had filed his habeas petition outside of the one-year limitations period.  *See Grayson*, 185 F. Supp. 2d at 753.  However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal.  *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## IV.  ORDER

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** That a Certificate of Appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner will be **GRANTED** leave to appeal *in forma pauperis*.

**SO ORDERED**.

Date: August 13, 2024                    s/F. Kay Behm
                                         F. Kay Behm
                                         United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 14, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager